FILED
United States Court of Appeals
Tenth Circuit

January 25, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL ALEXANDER THOMPSON,

     Petitioner - Appellant,

v.

JANET DOWLING, Warden,

     Respondent - Appellee.

No. 17-6218
(D.C. No. 5:17-CV-00758-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MATHESON**, **KELLY**, and **MURPHY**, Circuit Judges.

Petitioner-Appellant Michael Thompson, an inmate appearing pro se, seeks a

certificate of appealability (COA) allowing him to appeal the district court's

summary dismissal of his habeas petition as time-barred. Because the district court's

procedural ruling is not reasonably debatable, we deny a COA and dismiss the

appeal.

In 2009, Mr. Thompson pled guilty to child abuse in violation of Okla. Stat.

tit. 10, § 7115 (2009) (renumbered as Okla. Stat. tit. 21, § 843.5). 1 R. 5. He was

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced that same year and did not file a direct appeal. Id. at 5–6. In 2016, Mr. Thompson filed a request for post-conviction relief in state court, which was denied as untimely and affirmed by the Oklahoma Court of Criminal Appeals. Id. at 6–7, 25–27. He then brought a habeas petition under 28 U.S.C. § 2254, seeking relief from his conviction and sentence. Id. at 5. Mr. Thompson's petition was referred to a magistrate judge, who issued a report and recommendation denying Mr. Thompson's petition as "untimely by over seven years." Thompson v. Dowling, No. CIV-17-758-F, 2017 WL 4414735, at *3 (W.D. Okla. Sept. 1, 2017). The district court adopted the recommendation in full, dismissing the petition as time-barred and denying a COA. Thompson v. Dowling, No. CIV-17-758-F, 2017 WL 4414261, at *1 (W.D. Okla. Oct. 4, 2017).

A person in state custody ordinarily has one year to apply for a writ of habeas corpus from the date on which his or her judgment became final. See 28 U.S.C. § 2244(d)(1)(A) (2012). One exception to this is if the Supreme Court newly recognizes a constitutional right and makes it applicable to cases on collateral review. See id. § 2244(d)(1)(C). Mr. Thompson argues that his petition is timely because Buck v. Davis, 137 S. Ct. 759 (2017), made the holdings of Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 413 (2013), retroactive on collateral review. But that is incorrect: Buck explicitly declined to address whether Martinez and Trevino applied retroactively on collateral review because that argument had

2

been waived. 137 S. Ct. at 780. Consequently, <u>Buck</u> does not affect the timeliness of Mr. Thompson's petition.

In addition to finding that 28 U.S.C. § 2244(d)(1)(C) did not apply to Mr. Thompson's petition, the magistrate judge found that statutory tolling did not apply and that Mr. Thompson was not entitled to equitable tolling. <u>Thompson</u>, 2017 WL 4414735, at *3–4. The district court agreed, <u>Thompson</u>, 2017 WL 4414261, at *1, and reasonable jurists would not debate the district court's dismissal of Mr. Thompson's habeas petition as time-barred. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). It is therefore unnecessary to consider whether Mr. Thompson made a substantial showing of the denial of a constitutional right. <u>Id.</u> at 485.

We DENY Mr. Thompson's request for a COA, DENY his request to proceed in forma pauperis, and DISMISS the appeal. All pending motions are DENIED.

ENTERED FOR THE COURT


Paul J. Kelly
Circuit Judge

3